**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No: 05-cv-01650-REB-CBS

U.S. FAX LAW CENTER, INC.,

    Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION,
JANE DOES #1-100, and JOHN DOES #1-100,

    Defendants.

## ORDER STAYING FURTHER PROCEEDINGS

**Blackburn, J.**

    This matter is before the court on its own motion. Having reviewed the record, I conclude that this case should be stayed pending the resolution of appeals in two cases which likely will result in rulings that will be controlling in this case.

    This case arises under the Telephone Consumer Privacy Act, 47 U.S.C. § 227 (TCPA), which makes it "unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement," *id*., § 227(b)(1)(C). The plaintiff also asserts a claim under the Colorado Consumer Protection Act (CCPA). The Plaintiff alleges that Jaywell Enterprises received unsolicited fax transmissions from the defendant, in violation of the TCPA and the CCPA . Jaywell Enterprises is not a party to this case. Rather, the plaintiff is the assignee of all of Jaywell Enterprise's rights associated with the subject faxes.

Defendant U.S. Bank has filed a motion to dismiss the plaintiff's claims. U.S. Bank argues, *inter alia*, that the plaintiff lacks standing to assert claims under the TPCA and the CCPA because such claims are not assignable. Defendant's motion to dismiss relies on two recent decisions of district courts in this district. In **US Fax Law Center, Inc. v. IHire, Inc.**, 362 F.Supp.2d 1248 (D. Colo. 2005), Chief Judge Babcock concluded that TPCA claims are unassignable under Colorado law, and therefore that the plaintiff assignee lacked standing to prosecute the suit. *Id*. at 1252 - 1253. Several months later, Judge Figa found that the TPCA evidences a congressional intent that jurisdiction over private claims thereunder should reside exclusively in state court. (**See** Order of Remand at 7-12 [#17], filed July 28, 2005, in **Consumer Crusade, Inc. v. Scientific Research Group, Inc.**, Civil Case No. 05-cv-00220-PSF-CBS.) Both of these cases, which present issues of first impression in this circuit, are now before the Tenth Circuit on appeal.

Given these circumstances, I conclude that it would be most prudent to await decisions in one or both of these cases before requiring the parties to proceed with the expense and inconvenience of litigation in this case. Generally, I find Chief Judge Babcock and Judge Figa's reasoning on their respective issues to be persuasive. However, the Tenth Circuit may find otherwise. In these circumstances, the best course of action is to stay this lawsuit until such time as the two cases cited above are definitively resolved.

**THEREFORE, IT IS ORDERED** as follows:

1. That this action is hereby **STAYED** in all respects pending further order of this court;

2.  That defendant U.S. Bank's **Motion to Dismiss** [#5], filed September 1, 2005, is **DENIED WITHOUT PREJUDICE**; and

3.  That the parties **SHALL FILE** a written status report within ten days after the United States Court of Appeals for the Tenth Circuit issues rulings in one or both of the above-cited appeals.

Dated August 18, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**